IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

RF DELAWARE, INC.

    Plaintiff,

v.                                                                    CV 01-PT-348-M

PACIFIC KEYSTONE
TECHNOLOGIES, INC.

    Defendant.

FINDINGS OF FACT
AND
CONCLUSIONS OF LAW[1]



This cause came on to be heard on April 18-19, 2001, on plaintiff's Motion for Preliminary Injunction. Subsequent to said hearing dates, the defendant Northeast Alabama Water Sewer & Fire Protection District was dismissed as a defendant by agreement.

<u>General Principles Applicable to Motions for
Preliminary Injunction in Patent Cases</u>

The general principles applicable to such motions are stated in <u>Reebok Intern. Ltd. v. J. Baker, Inc.</u>, 32 F.3D 1552 (Fed. Cir. 1994). These include:

(1) Whether a preliminary injunction should issue turns upon four factors: (a) the movant's reasonable likelihood of success on the merits; (b) the irreparable harm the movant will suffer if preliminary relief is not granted; (c) the balance of hardships between the parties; and (d) the adverse impact on the public interest. The burden of establishing these factors is on the movant. <u>Id.</u> at 1555.

---

[1] The court will not recount undisputed facts.

(2) A district court may deny a preliminary injunction based on the movant's failure to establish either a reasonable likelihood of success or irreparable harm. Id., at 1556.

(3) A movant who "clearly" establishes a reasonable likelihood of success with a "strong showing" receives the benefit of a presumption of irreparable harm. Id., at 1556.

(4) A reasonable likelihood of success requires a showing of validity and infringement. Id., at 1555.

This court concludes that the plaintiff has not offered any substantial evidence to establish irreparable harm other than whatever, if any, inference may arise if the plaintiff has "clearly" established with a "strong showing" a reasonable likelihood of success on the merits. On the other hand, the defendant Pacific Keystone has not offered substantial evidence to rebut such a presumption if it exists. Thus, the court will focus on the reasonable likelihood of success factor.

## Reasonable Likelihood of Success on the Merits

Some of the issues with regard to both validity and infringement as to both the 630 and the 124 patent revolve around the following inter alia type claims.[2]

(1) That the plaintiff has valid patent(s) (124 and 630) on a water filtering system which has an upflow zone wherein influent waters to which chemicals have been added first pass upwardly for "clarifying" or "rough" filtering through a filter media consisting of sand.

(2) After passing through the first or upward zone for clarifying or rough filtering which includes flocculation and coagulation processes, the water continues into a second zone known as

---

[2] At this stage, the court does not use the term "claim" as a patent term of art, but more as an allegation by the plaintiff.

a downflow filter which has another particulate filter media for "polishing" or final purification of the water to make it potable.

(3) That the patents (it is not clear whether just 124 or 124 and 630) also cover a backwashing procedure consisting of water and air which periodically removes floc and other impurities from both the upflow (clarifying) filter and the downflow (polishing) filter.

As this court understands it, a district court in Virginia has held, binding the plaintiff, that the plaintiff's patent claim is to be interpreted so as to require at least two filtering layers in the upflow zone.

Plaintiff's basic argument is that it "was the first to introduce a combination upflow and down flow package plant that utilized sand in the upflow filter to remove impurities." Plaintiff further relies on a process of minimum fluidization velocity as defined in its patent(s).

The defendant's primary responses are the following:

(1) The independent claims of both 630 and 124 refer to a minimum fluidization velocity of the filter layer. There has been no proof of the minimum fluidization velocity of the defendant's product.

(2) The support gravel in defendant's product is not part of the filtering process and thus there is no multiple layer filter in defendant's product as is required by the Virginia court's interpretation. Further, the support gravel is neither filtration media nor flocculation media.

(3) The plaintiff's patents are likely invalid because of prior art and disclosures in other products.

The court, having considered all the evidence and the arguments concludes that it cannot, at this stage, find that the plaintiff has met its burden of proving a reasonable likelihood of

success; certainly not clearly or strongly so, such as to eliminate the need for proving irreparable damage. The plaintiff is not seeking to maintain the status quo, but is seeking to enjoin the defendant from manufacturing and selling a product. There has been no substantial evidence that the defendant cannot pay damages. Further, the plaintiff has apparently licensed other businesses who can also compete with the defendant.

The plaintiff states that the "focal point of the dispute as far as literal infringement [of the 630 patent] is concerned is whether the [support layer of the Pacific Keystone product] falls with the meaning of 'filter media.'" Plaintiff further states that "the focal point of the dispute as far as literal infringement of the 124 patent is similar to the dispute over the 630 patent;" that is, whether the gravel support layer is a "filter bed . . . ." This court agrees that these are disputed areas, but this court cannot conclude that the plaintiff has clearly and strongly shown that it is likely to succeed in the resolution of these disputes by the finder of fact.

The court has not attempted to make fully detailed findings of fact. However, the granting of a preliminary injunction is discretionary with the court. Id. at 1555. The court has enough reservations arising from the evidence to preclude its exercising its discretion in favor of the plaintiff's motion. These reservations include:

(1) Whether the support gravel is to be considered a filtering media so that it can be considered one of two filtering layers.

(2) Whether defendant's product uses a minimum fluidization velocity comparable to that of the plaintiff.

(3) Whether the use of sand as a filtering media is obvious.

(4) Whether the Microfloc product is prior use affecting the validity of plaintiff's patents.

The parties have raised other issues and have suggested other facts and conclusions of law. The fact that the court has not discussed them should not create any inference that these suggestions do or do not have merit. Further, nothing that the court has said should have any precedential value as to any other issues in this case and certainly not in any other case. The court has merely applied its discretion as to the one issue of preliminary injunction, vel non.

The court requests suggestions as to whether it should appoint a special master or expert and further suggestions as to how said person(s) should be selected. The parties are requested to submit same within ten (10) days.

This the 19 day of July, 2001.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE